UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| DUSTIN EMMERT-STAMM, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 1:17-cv-03398-JMS-DML |
| | ) | |
| WENDY KNIGHT Superintendent, | ) | |
| | ) | |
| Respondent. | ) | |

**Order Denying Petition for Writ of Habeas Corpus and
Directing Entry of Final Judgment**

The petition of Dustin Emmert-Stamm for a writ of habeas corpus challenges a prison disciplinary proceeding identified as No. CIC 17-03-0231. For the reasons explained in this Order, Mr. Emmert-Stamm's habeas petition must be **denied**.

A.  Overview

Prisoners in Indiana custody may not be deprived of good-time credits without due process. *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (*per curiam*). The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision-maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton*, 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000).

B.  The Disciplinary Proceeding

On March 16, 2017, Officer Vincent wrote a Conduct Report charging Mr. Emmert-Stamm with B-202, possession of a controlled substance. Dkt. 8-1. The Conduct Report states:

> On 03-16-2017 at approximately 11:20 pm I Ofc. J. Vincent was conducting a pipe check when I found Offender Emmert-Stamm, Dustin #200710/13A-4D was in the wrong cell. When I went to tell him to go back to his cell I noticed he had an object in his hand believed to be a spice cigarette. I ordered the offender to give me the object and he complied.

*Id*. Officer Vincent completed an Evidence Record that noted that he had confiscated a piece of brown paper containing smaller pieces of white paper rolled up in cigarette form. Dkt. 8-3 at 4. Officer Vincent also completed a Notice of Property, listing "1 piece of brown paper containing smaller pieces of white paper rolled up in cigarette form," which Mr. Emmert-Stamm signed. Dkt. 8-3 at 5.

Mr. Emmert-Stamm was notified of the charge on March 23, 2017, when he received the Screening Report. Dkt. 8-2 at 1. He pleaded not guilty to the charge, requested a lay advocate, and did not request any physical evidence. *Id.* He requested Maurice Brownlee as a witness to answer "Is this your object found in your room?" *Id.* Maurice Brownlee submitted a witness statement in response stating, "yes the brown wraps were mine." Dkt. 8-3 at 2.

The prison disciplinary hearing was held on April 5, 2017. According to the notes from the hearing, Mr. Emmert-Stamm stated, "It wasn't mine, they were his." Dkt. 8-3. Based on the staff reports, Mr. Emmert-Stamm's statement, and the picture of the physical evidence, the hearing officer found Mr. Emmert-Stamm guilty of B-202, possession of controlled substance. The sanctions imposed included thirty days of earned-credit-time deprivation.

Mr. Emmert-Stamm appealed to the Facility Head and the Indiana Department of Correction (IDOC) Final Reviewing Authority, both of which were denied. He then brought this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

C.  **Analysis**

In his petition, Mr. Emmert-Stamm asserts ten grounds to challenge his prison disciplinary conviction: (1) denial of witness; (2) denial of evidence; (3) denial of right to properly prepare defense; (4) denial of right to lay advocate; (5) denial of right to exculpatory evidence; (6) denial of right to a fair hearing; (7) sufficiency of the evidence; (8) denial of right to be heard by an impartial decision maker; (9) denial of right to a copy of the finding of facts; and (10) cruel and unusual punishment and deliberate indifference related to his appeal. Dkt. 1. The respondent argues that Mr. Emmert-Stamm failed to appeal on certain grounds, and that his arguments lack merit. Dkt. 8. In reply, Mr. Emmert-Stamm does not respond regarding his failure to exhaust, and elaborates on his previously raised grounds. Dkt. 9.

1.  <u>Failure to Exhaust</u>

In Indiana, only the issues raised in a timely appeal to the Facility Head and then to the IDOC Appeals Review Officer or Final Reviewing Authority may be raised in a subsequent Petition for Writ of Habeas Corpus. *See* 28 U.S.C. § 2254(b)(1)(A); *Eads v. Hanks*, 280 F.3d 728, 729 (7th Cir. 2002); *Moffat v. Broyles,* 288 F.3d 978, 981 (7th Cir. 2002). The respondent argues that Mr. Emmert-Stamm failed to exhaust the administrative appeals process as to his most of his claims, and because the time to complete such administrative appeals process has passed, no habeas relief on those grounds can be given.

In his administrative appeal, Mr. Emmert-Stamm states:

The Sgt said he found me guilty because it was in my hand, when I seen the officer at the door I picked up the cigarette[sic] trying to hide it from him but he seen me and I gave it to him. Offender Brownlee told him it was his and said no my witness that it was his.

Please, I can not loose my visits any longer. I understand your rules at this facility and you will not have any more problems out of me. Thank you for your time.

Dkt. 8-4 at 1.

Because the undisputed record reflects that Mr. Emmert-Stamm failed to timely exhaust his available administrative remedies on grounds 1-6 and 8-10, habeas relief is not available to Mr. Emmert-Stamm on these grounds. Mr. Emmert-Stamm challenges the sufficiency of the evidence in his appeal, so the Court will discuss that ground in more detail below.

### 2. Sufficiency of the Evidence

Mr. Emmert-Stamm alleges that there was no evidence in the record that the contraband was a controlled substance or that he possessed the contraband.

Challenges to the sufficiency of the evidence are governed by the "some evidence" standard. "[A] hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison v. Zatecky*, 820 F.3d 271, 274 (7th Cir. 2016); *see Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012) ("The some evidence standard . . . is satisfied if there is any evidence in the record that could support the conclusion reached by the disciplinary board.") (citation and quotation marks omitted). The "some evidence" standard is much more lenient than the "beyond a reasonable doubt" standard. *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56. The Conduct Report "alone" can "provide[] 'some evidence' for the . . . decision." *McPherson v. McBridge*, 188 F.3d 784, 786 (7th Cir. 1999).

Here, the Conduct Report explained that Officer Vincent saw Mr. Emmert-Stamm holding an object in his hand, which Officer Vincent believed to be a spice cigarette. A picture of the object was also part of the evidence reviewed by the Hearing Officer. This is "some evidence," under *Ellison,* supporting the Hearing Officer's finding that Mr. Emmert-Stamm was guilty of

possessing a controlled substance. Accordingly, habeas relief is not available to Mr. Emmert-Stamm on this ground.

        3.        Appeal Process

Mr. Emmert-Stamm alleges that his appeals process was improper. As explained above, Mr. Emmert-Stamm failed to exhaust the administrative appeals process as to this ground.

Additionally, there is no due process right to an administrative appeal, and thus any errors during the administrative appeal process cannot form the basis for habeas relief. The Supreme Court in *Wolff* made clear that "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." 418 U.S. at 556. The due process rights that apply, which are set forth in detail in *Wolff*, do not include any safeguards during an administrative appeal, nor even a right to appeal at all. And the procedural guarantees set forth in *Wolff* may not be expanded by the lower courts. *See White v. Indiana Parole Bd.*, 266 F.3d 759, 768 (7th Cir. 2001)

Accordingly, Mr. Emmert-Stamm is not entitled to habeas relief on this ground.

**D.    Conclusion**

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Mr. Emmert-Stamm to the relief he seeks. Accordingly, Mr. Emmert-Stamm's petition for a writ of habeas corpus must be **denied** and the action dismissed.

Judgment consistent with this Order shall now issue.

**IT IS SO ORDERED.**

Date: 7/19/2018

*[Signature: Jane Magnus-Stinson]*

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

DUSTIN EMMERT-STAMM
200710
PENDLETON - CIF
CORRECTIONAL INDUSTRIAL FACILITY
Electronic Service Participant – Court Only

Kyle Hunter
INDIANA ATTORNEY GENERAL
kyle.hunter@atg.in.gov